IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN D. FERRARA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. SA-24-CV-077-FB |
| § | |
| OFFICER JOSEPH SWONKE, City of Kyle, § | |
| In His Individual Capacity Only; OFFICER § | |
| PEDRO CARRASCO, City of Kyle, In His § | |
| Individual Capacity Only; and UNKNOWN § | |
| KYLE POLICE OFFICERS, § | |
| § | |
| Defendants. § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above styled and numbered cause on February 27, 2025 (docket #22), and Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge filed on March 6, 2025 (docket #23). Also before the Court are the Unopposed Motion for Extension of Time to File Defendants' Response to Plaintiff's Objections to the Report and Recommendation filed on March 20, 2025 (docket #24), and Plaintiff's Notice of Motion to Consolidate filed on March 21, 2025 (docket #25).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Memorandum and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, United States Magistrate Judge Richard B. Farrer recommends that Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (docket #14) be granted because this suit is barred by *res judicata* and the claims against the individual officers are barred by qualified immunity. In addition, Magistrate Judge Farrer reiterates the recommendation he made in one of Plaintiff's previously filed cases, *Ferrara v. Travis County et al.*, No. 5-23-cv-1406-XR-RBF (W.D. Tex., case on filed Nov. 3, 2023), that a pre-filing injunction against the Plaintiff be issued. Magistrate Judge Farrer notes that Plaintiff Ferrara has received several warnings in the San Antonio Division of the Western District, including two from this Court, that filing additional baseless lawsuits could result in the issuance of sanctions. At the time of the Report, Plaintiff Ferrara had three cases pending before the Court and had filed over seven others, several of which were dismissed on grounds of res judicata. Because res judicata exists to ensure "'the finality of judgments, conserve judicial resources, and protect litigants from multiple lawsuits,' *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (clarified) . . . .and to prevent continued abusive litigation," Magistrate Judge Farrer recommends further action be taken against Plaintiff Ferrara. Report, docket #22 at page 12.

In the *Ferrara v. Travis County* case, Magistrate Judge Farrer provided the following explanation in the Report and Recommendation (*Ferrara v. Travis County et al.*, No. 5-23-cv-1406-XR-RBF Report and Recommendation issued on February 27, 2025, docket entry 34

at pages 14-16) (W.D. Tex. filed Nov. 3, 2023), in support of the issuance of a pre-filing injunction against Plaintiff Ferrara in that case which the Court finds applicable to the instant case:

> A district court may bar a vexatious litigant from filing future complaints unless he seeks the prior approval of a district or magistrate judge. *Potts v. Texas*, 354 Fed. App'x 70, 71 (5th Cir. 2009) (citing *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994)). Rule 11(b) of the Federal Rules of Civil Procedure provides in relevant part that an unrepresented party certifies (1) that all court pleadings and court filings are not "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that (2) the claims, defenses, and other legal contentions are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Violations of this Rule subject a litigant to sanctions, including non-monetary ones, with the goal of "deter[ring] repetition of the conduct." Fed. R. Civ. P. 11(c)(4). This Rule gives district courts wide discretion in determining what sanctions are appropriate. *See Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 877 (5th Cir. 1988). Further, a court may order a party to show cause why conduct has not violated Rule 11 and impose these sanctions *sua sponte*. Fed R. Civ. P. 11(c)(3).
>
> Federal courts also have inherent power to sanction abusive litigation practices "to protect the efficient and orderly administration of justice and . . . to command respect for [their] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Within this inherent authority is the ability to issue a pre-filing injunction to deter vexatious filings with the court. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008). When determining whether the imposition of a pre-filing injunction would be appropriate, the court must weigh all relevant circumstances, including four main factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id.* (internal quotations omitted). If issued, such injunctions "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 190.
>
> Plaintiff has been warned repeatedly by various judges in the Western District of Texas's San Antonio Division that filing additional baseless lawsuits could result in the issuance of sanctions.[1] These warnings provided the required notice to Plaintiff that the Court was considering this injunction as a potential sanction, as required by Rule 11(c)(3). All four factors regarding the issuance of a pre-suit injunction also

---

[1] Order Accepting Report and Recommendation, *Ferrara v. Wallace et al*, 5:21-cv-251-FB (W.D. Tex. May 27, 2021), ECF No. 14; Order Accepting Report and Recommendations, *Ferrara v. Barnett et al*, 5:21-cv-237-JKP (W.D. Tex. Sept. 9, 2021), ECF No. 10; Memorandum Opinion and Order, *Ferrara v. Barnett et al*, 5:21-cv-237-JKP (W.D. Tex. Sept. 9, 2021), ECF No. 13; Order Accepting Report and Recommendations, *Ferrara v. The City of Kyle*, 5:22-cv 00741-FB (W.D. Tex. Dec. 31, 2022), ECF No. 24.

support this sanction. Plaintiff has a history of filing baseless and legally frivolous lawsuits without a good faith basis. He filed seven cases in a three-year period that have either been dismissed for failure to state a claim or as frivolous under Section 1915(e) (or recommended for dismissal). Plaintiff currently has three cases before the Court, including this one, all of which contain factual or legal allegations strikingly similar, if not identical, to prior filings.[2] His filings have burdened the Court, and lesser sanctions would not adequately deter the filing of additional suits. Accordingly, the District Court should issue a pre-filing injunction against Plaintiff John David Ferrara.[3]

The Court has reviewed Plaintiff's objections and has conducted a de novo review of the Magistrate Judge's Report and Recommendation. The Court agrees plaintiff's case is barred by *res judicata;* the claims against the individual officers are barred by qualified immunity; and Defendants' Rule 12(b)(6) Motion to Dismiss should be granted. The Court finds Plaintiff's objections to the Magistrate Judge's Recommendation are without merit and are overruled. Therefore, this Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation filed on February 27, 2025 (docket #22). The Report and Recommendation shall be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (docket #14) shall be GRANTED and this case dismissed. The Report and Recommendation shall also be accepted as to the issuance of a pre-filing injunction against the Plaintiff.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge, filed in this case on February 27, 2025 (docket #22), is ACCEPTED such that Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (docket #14) is GRANTED and this case is DISMISSED. IT IS FURTHER ORDERED that the recommendation

---

[2] See Complaint, *Ferrara v. Swonke, et al*, 5:24-cv-77-FB-RBF (W.D. Tex. Jan. 22, 2024), ECF No. 1; Complaint, *Ferrara v. McDonough*, 5:24-cv-00408-XR-RBF (W.D. Tex. April 16, 2024), ECF No. 1.

[3] "John D. Ferrara" should also be flagged for a pre-filing injunction, as Plaintiff has also filed using this name.

to issue a pre-filing injunction against the Plaintiff John D. Ferrara also known as John David Ferrara is ACCEPTED such that John D. Ferrara also known as John David Ferrara is **ENJOINED from filing any civil lawsuit in the San Antonio Division of the United States District Court for the Western District of Texas unless he first seeks leave and obtains permission from a district judge in this District**.

Before filing any new lawsuit in this District and Division, John D. Ferrara also known as John David Ferrara must file a motion for leave to file the action, along with a proposed complaint, which motion shall be randomly assigned to a Judge in the Division for disposition. The Clerk of Court is **DIRECTED** to not accept any new lawsuit filed by John D. Ferrara or John David Ferrara in the San Antonio Division of the Western District of Texas unless and until such motion is filed and granted.

IT IS FINALLY ORDERED that the Unopposed Motion for Extension of Time to File Defendants' Response to Plaintiff's Objections to the Report and Recommendation filed on March 20, 2025 (docket #24) is DISMISSED AS MOOT; motions pending, if any, are DISMISSED AS MOOT, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 28th day of March, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE